**No. 58448.**—The Tupman Thurlow Co., Inc. *v.* United States, protest 194015–K (New York).

WILSON, Judge: It was conceded by the Government that the merchandise under consideration consisted of a shipment of "smoked herring." It was classified by the collector as soft-cured, whole-smoked herring and assessed with duty at the rate of 1 cent per pound under paragraph 720 (a) (2) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802. Plaintiff claims that the fish here involved are "hard dry-smoked herring" and, as such, should be assessed at ½ cent per pound under the same paragraph of the Tariff Act of 1930, as modified by the aforesaid trade agreement, T. D. 51802.

The sole question for determination is, therefore, whether the involved merchandise is properly classifiable as soft-cured smoked herring or hard dry-smoked herring. Only two witnesses were called. The secretary of the plaintiff corporation testified that the imported merchandise had been sold to the Osan Supply Co. of New York City. The other witness, the owner of the Osan Supply Co., who had been engaged in buying and selling fish for 35 years, testified that he personally received and examined the shipment of fish in question and that the merchandise consisted of hard, dry bloaters (R. 7). A herring, marked exhibit 1, taken from protest 177682–K, Abstract No. 57608, was identified by the witness as a hard dry-smoked herring similar to the merchanidse now under consideration (R. 10). The witness classified exhibit 1 as an "export bloater" (R. 16).

Without objection, the record in protest 177682–K, *B. Spiliadis & Company* v. *United States*, 31 Cust. Ct. 293, Abstract 57608, was incorporated into the record of the present case. In that case, certain smoked herring, which had been classified for duty as soft-cured whole-smoked herring under the same paragraph of the tariff act and with the same duty assessment as in the case at bar, was held properly classifiable as hard dry-smoked herring and, accordingly, dutiable under paragraph 720 (a) (2) of the Tariff Act of 1930, as modified, at the rate of ½ cent per pound, as claimed.

The uncontradicted testimony indicates that the shipment of fish now under consideration consisted of hard dry-smoked herring, also known as export bloaters and hard dry bloaters. Clearly, under such classification, they fall squarely under the principles of the *Spiliadis* case, *supra*, and the authorities therein cited.

398

On the record presented, and following the previous decisions of this court, we hold that the shipment of merchandise here involved consisted of hard dry-smoked herring, and, as such, is dutiable under paragraph 720 (a) (2) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, at the rate of ½ cent, as claimed.

The protest is sustained. Let judgment be entered accordingly.